**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                       )
OMAR MOHAMED OMAR,                     )
                                       )
        Petitioner,                    )
                                       )   Civil Action
v.                                     )   No. 20-10846-PBS
                                       )
ANTONE MONIZ,                          )
                                       )
        Respondent.                    )
_____)
```

**MEMORANDUM AND ORDER**

May 20, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner Omar Mohamed Omar brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **DENIES** without prejudice Omar's petition (Docket No. 1).

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based

on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a

case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration court may not impose excessive bail, must evaluate the alien's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the alien's future appearances.

Id. at 228.

**FACTS**

I.   **Legal Status and Criminal History**

Petitioner was born in Kenya but is a citizen of Somalia. He entered the United States in 1996 at one year old as a refugee and adjusted his status to lawful permanent resident in 1999.

Petitioner was convicted of burglary when he was seventeen and served eight months in a juvenile facility. The next year, in April 2014, Petitioner was convicted of felony assault. In December 2016, he was convicted of theft and having a weapon while under disability. He served 10 months in jail on those charges. On July 3, 2018, Petitioner was arrested and charged with two counts of aggravated assault, assault, and criminal threatening with a dangerous weapon. Petitioner pled guilty to the criminal threatening charge and was sentenced to a five-year term of incarceration, all but 18 months suspended. On April 4, 2018, Petitioner was also convicted of unlawful possession of Oxycodone.

From 2014 to 2016, Petitioner was also arrested on several charges that were subsequently dismissed, including for receiving stolen property, improperly handling a firearm, assault, and domestic violence.

## II.  Immigration Detention and Proceedings

Petitioner has been held in immigration detention since his release from state custody on October 8, 2019. He is currently detained at Plymouth County Correctional Facility.

On October 31, 2019, Petitioner appeared for his first hearing before the Boston Immigration Court and requested a continuance in order to obtain an attorney. Petitioner asked for another continuance on November 14, 2019 to seek an attorney.

On November 27, 2019, the immigration judge ("IJ") provided Petitioner with an application for cancellation of removal and instructed him to complete it prior to his next hearing. On December 11, 2019, the IJ set Petitioner's case for a merits hearing on his applications for immigration relief. Petitioner asked for another continuance to seek an attorney on January 23, 2020. On February 28, 2020, an attorney entered an appearance for Petitioner and moved for a continuance.

The IJ held a merits hearing on March 27, 2020. The IJ received testimony from Petitioner and his sister in support of his application for protection from removal. The IJ denied Petitioner's application in an oral decision and ordered him removed to Somalia.

Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on April 24, 2020 seeking protection under the

5

Convention Against Torture. On May 7, 2020, ICE filed a motion with the BIA to expedite the appeal.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I. Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20. The Court begins by determining whether Petitioner's detention has exceeded the one-year mark.

Here, Petitioner has been detained since October 8, 2019, or approximately seven and a half months. This is well below the one-year mark. Petitioner's detention is not presumptively unreasonable.

### II. Other Relevant Factors

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of

6

proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added). Detention under a year may also be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

Although Petitioner's appeal is at an early stage and so unlikely to conclude in the near future, all the other factors discussed in Reid weigh against a finding of unreasonableness at this time. Petitioner served more time on his criminal sentences than the time he has spent in immigration detention. The IJ denied Petitioner's applications for relief, which is the best guide available to this Court regarding the likelihood that Petitioner's proceedings will culminate in a final removal order. In addition, the continuances in Petitioner's case were at his request. Although Petitioner's efforts to seek counsel were not dilatory, neither did the Government unreasonably delay the progress of Petitioner's case.

Finally, Petitioner also argues that the current COVID-19 pandemic renders his continued detention without a bond hearing unreasonable. Petitioner notes that he has "serious and persistent asthma," which puts him at higher risk of severe illness should he contract the COVID-19 virus. While the Court

7

may weigh the impact of COVID-19 in deciding whether proceedings are unreasonably prolonged under the Due Process clause, that factor does not outweigh the others in the Reid analysis here. With respect to petitioners who have been detained over a year, Reid's presumption of unreasonableness has particular weight in light of current public health crisis.

Neither does the COVID-19 pandemic independently render Petitioner's detention excessive in relation to legitimate governmental objectives under the Due Process Clause. Although Petitioner's moderate asthma places him in a high-risk category, there are currently no detainees confirmed as COVID-19 positive within the immigration detention unit at Plymouth. In addition, the Government has a legitimate objective in detaining Petitioner, whose lengthy criminal history includes several violent attacks. In one case, Petitioner admitted to punching the victim three times and video footage showed Petitioner kicking the victim while he was on the ground and punching him in the head. Balancing the risk to Petitioner's health against the Government's interest in his detention, there is no Due Process violation at this time.

## ORDER

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has not been unreasonably prolonged and Petitioner therefore is not entitled to a bond hearing before an immigration judge at

this time. The petition for a writ of habeas corpus [Docket No. 1] is accordingly **DENIED** without prejudice.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge